Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| CLASIOFERTAS, LLC<br><br>RECURRIDA<br><br>V.<br><br>LUIS ALEXIS ROBLES HERNÁNDEZ, CRISTINA J. FREYTES HERNÁNDEZ Y LA SLG COMPUESTA POR AMBOS<br><br>PETICIONARIOS | TA2025CE00004 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Salinas<br><br>Sobre: Desahucio en Precario (Sumario)<br>32 LPRA §§ 2821 et. seq.<br><br>Caso Núm.: SA2023CV00198 SA2023CV00372 (Consolidados) |
| CLASIOFERTAS, LLC<br><br>DEMANDANTE<br><br>V.<br><br>NEOMAR RODRÍGUEZ, SU ESPOSA "JUANA DEL PUEBLO" Y LA SLG COMPUESTA POR AMBOS; JULIO RODRÍGUEZ ORTIZ, SU ESPOSA, ANDREA DEL PUEBLO Y LA SLG COMPUESTA POR AMBOS; PERSONA DESCONOCIDA 1-10, CÓNYUGE DESCONOCIDO 1-1 Y LAS RESPECTIVAS SLG COMPUESTAS POR ELLOS<br><br>DEMANDADOS | | |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de agosto de 2025.

Comparecen los peticionarios, la Sociedad Legal de Gananciales compuesta por el Sr. Luis Alexis Robles Hernández

("señor Robles") y la Sra. Cristina Joannette Freytes Hernández, junto al Sr. Julio Rodríguez Ortiz (en conjunto "parte peticionaria") mediante el presente recurso de *certiorari*. Nos solicitan que revoquemos la *Resolución* emitida y notificada el 7 de abril de 2025, por el Tribunal de Primera Instancia, Sala Superior de Salinas ("TPI"). En la cual, el TPI permitió a Clasiofertas, LLC ("Clasiofertas" o "parte recurrida") deponer al abogado de la parte peticionaria en el caso *SA2023CV00198*.

No conforme con la determinación, la parte peticionaria solicitó la reconsideración de la orden, sin embargo, la misma fue declarada *No Ha Lugar* el 16 de mayo de 2025.[1]

Examinada la totalidad del expediente, **denegamos** el auto de *certiorari* solicitado. Veamos.

-I-

Bajo el caso —*SA2023CV00198*— Clasiofertas instó una acción el **28 de junio de 2025** contra el Sr. Luis Alexis Robles Hernández, la Sra. Cristina Joannette Freytes Hernández y la Sociedad Legal de Gananciales compuesta por estos.[2] En esencia, alegó ser dueña de un bien inmueble ubicado en el Municipio de Salinas, y cuya descripción registral es:

> *Número de Catastro: 417-000-006-19-000. Rústica: BARRIO PUEBLO de Salinas. Solar: M-3. Cabida: 18.9665 Cuerdas. Linderos: Norte, en cuatro (4) alineaciones que suman ochenta y uno punto ochocientos cincuenta y cinco metros (81.855m), con la Urbanización La Margarita y en otra alineación de cuatrocientos ocho punto cuatrocientos. Sur, en una distancia de cuatrocientos setenta y uno punto cincuenta y cuatro metros (471.54 m.), con la propiedad del Municipio de Salinas. Este, en seis (6) alineaciones que suman ciento sesenta y uno punto trescientos seis metros (161.306 m), con la carretera estatal número setecientos uno (701) y en una alineación descontinua de sesenta y Oeste, en una distancia de ciento noventa y tres punto doscientos veintiséis metros (193.226 m.), con propiedad perteneciente a American Development Center Corp. Se forma por segregación de la finca inscrita al folio 142 del tomo 159 de Salinas.[3]*

---

[1] Notificada el mismo día.
[2] Véase, Entrada #1 del caso *SA2023CV00198* en SUMAC.
[3] Véase, Anejo de la Entrada #10 del caso *SA2023CV00198* en SUMAC.

Adujo que la parte peticionaria ocupaba —*posesión en precario*— una porción de dicho inmueble, sin tener derecho para ello. Añadió que la parte peticionaria edificó una estructura, y que la misma quedó adherida permanentemente al inmueble. Entre otros remedios, Clasiofertas solicitó el desahucio sumario e inmediato de la parte peticionaria.

El copeticionario señor Robles representado por el Lcdo. William Veguilla De Jesús ("Lcdo. Veguilla De Jesús"), presentó la *CONTESTACIÓN A DEMANDA* el **11 de agosto de 2023**.[4] En resumen, alegó que no ocupaba en precario el predio ubicado en la *Comunidad Villa Esperanza Bloque J Núm. 6, Salinas, Puerto Rico*. Por lo que anejó a la contestación el documento titulado: *"INFORMACIÓN SOBRE PREDIO DE RESIDENCIA"*,[5] el cual fue expedido el 27 de junio de 2023 por la *Oficina de Ordenamiento Territorial* del Municipio de Salinas. Dicho documento esbozaba que el predio ocupado se encuentra en un predio no segregado propiedad en dicho municipio. Señaló, además, que posee un derecho a ocupar el solar, y que tiene una escritura de compraventa de mejoras otorgada el 1 de diciembre de 2020. Admitió que ha realizado alteraciones a la propiedad en virtud de su derecho de propiedad.

Argumentó que, de probarse que ocupa una porción de la propiedad perteneciente a Clasiofertas, es de aplicación el Artículo 297 del Código Civil de Puerto Rico de 1930; dado que sería un adquiriente de buena fe. Añadió que tiene derecho a retener la propiedad hasta tanto la contraparte haga suya la obra u obligue a pagar el precio del terreno. Por lo que, solicitó que se declare no ha lugar la demanda de desahucio presentada.

Posteriormente, **17 de agosto de 2023**, Clasiofertas presentó *MOCIÓN PARA DESCALIFICAR AL ABOGADO DE LA PARTE*

---

[4] Véase, Entrada #25 del caso *SA2023CV00198* en SUMAC.
[5] Véase, Anejo 1 de la Entrada #25 del caso *SA2023CV00198* en SUMAC.

*DEMANDADA Y TRASLADO DE JUICIO.*[6] Alegó, entre otras cosas, que procedía la descalificación del Lcdo. Veguilla De Jesús, por haber otorgado la Escritura Núm. 115 de 15 de diciembre de 2020 ("Escritura Núm. 115") y ser un potencial testigo.

En oposición a la descalificación, la parte peticionaria presentó su escrito el **28 de agosto de 2023**.[7] En esencia, señaló que no estaba en controversia el negocio jurídico de la Escritura Núm. 115 sino que el caso es respecto al derecho de Clasiofertas sobre la propiedad y el derecho del copeticionario de ocupar la misma. Por lo que, solicitó que se denegara la solicitud, dado que en ese momento no existía un conflicto de interés.

Mediante *Resolución* emitida el **4 de octubre de 2023**,[8] el TPI declaró *NO HA LUGAR* la solicitud de descalificación del abogado.[9] En lo pertinente, el TPI expresó que;

> *[L]a parte demandante centró su solicitud de descalificación en que el demandado presentó como defensa que fue adquiriente de una edificación construida de buena fe y que en apoyo a ello presentó copia certificada de una escritura otorgada ante el licenciado Veguilla. Por lo tanto, entiende que se debe descalificar al licenciado Veguilla por haber otorgado una transacción que está en controversia. Entendemos que a la demandante no le asiste la razón.*
> *El derecho aplicable aquí citado impide la participación del abogado que ha fungido como notario en una escritura cuando se exigen las contraprestaciones que se hayan pactado en dicha escritura. Sin embargo, esa situación no aplica en este caso toda vez que hasta el momento no se está exigiendo las contraprestaciones pactadas en la escritura otorgada por el licenciado Veguilla. El presente caso más bien está relacionado con el derecho que alega tener la demandante sobre la propiedad reclamada y si existe algún derecho del demandado a ocupar la misma.*[10]

Varios trámites procesales después, Clasiofertas presentó *Moción Asumiendo Representación Legal y Solicitud de Prórroga.*[11] Entre otras cosas, les adelantó a las partes y al Tribunal que el Lcdo. Veguilla De Jesús sería llamado como testigo de la parte recurrida

---

[6] Véase, Entrada #30 del caso *SA2023CV00198* en SUMAC.
[7] Véase, Entrada #37 del caso *SA2023CV00198* en SUMAC.
[8] Notificada el mismo día.
[9] Véase, Entrada #53 del caso *SA2023CV00198* en SUMAC.
[10] *Íd.*
[11] Véase, Entrada #94 del caso *SA2023CV00198* en SUMAC.

para que declarara sobre su participación como Notario Público sobre la Escritura Núm. 115.[12]

El **28 de febrero de 2025**, la parte peticionaria presentó *MOCIÓN EN CUMPLIMIENTO DE ORDEN – OPOSICIÓN A QUE SE CONSIDERE DESCALIFICAR ABOGADO DE PARTE DEMANDADA Y QUE SE PERMITA DEPOSICIÓN DE ABOGADO.*[13] Alegó que no se presentaron nuevos argumentos para solicitar la descalificación del Lcdo. Veguilla De Jesús, y que la determinación del 4 de octubre de 2023 era final y firme. Señaló que el caso versa sobre el desahucio, y que la Escritura Núm. 115 no está en controversia; por lo que el conocimiento que pudo haber adquirido el Licenciado fue mediante su investigación. Ante ello, solicitó que se declarara no ha lugar, tanto la descalificación del Licenciado como su deposición.

Mediante *Resolución Interlocutoria* emitida y notificada el **18 de marzo de 2025**,[14] el TPI expresó que: *"La solicitud de descalificación del Lcdo. William Veguilla, presentada por la parte demandante Clasiofertas LLC ya se dictó resolución el 4 de octubre de 2023, véase resolución de dicha fecha".*[15]

Luego, Clasiofertas reiteró el **19 de marzo de 2025** su solicitud de deponer al Lcdo. Veguilla De Jesús.[16]

Mediante *Resolución Interlocutoria* emitida y notificada el **7 de abril de 2025**,[17] el TPI autorizó a Clasiofertas a deponer al Lcdo. Veguilla De Jesús; no obstante, señaló que no se podrá realizar preguntas sobre su representado o asuntos protegidos por la relación abogado cliente.

Inconforme, el **22 de abril de 2025**, la parte peticionaria presentó una solicitud de reconsideración.[18] En síntesis, solicitó que

---

[12] *Íd.*
[13] Véase, Entrada #103 del caso *SA2023CV00198* en SUMAC.
[14] Véase, Entrada #104 del caso *SA2023CV00198* en SUMAC.
[15] *Íd.*
[16] Véase, Entrada #106 del caso *SA2023CV00198* en SUMAC.
[17] Véase, Entrada #110 del caso *SA2023CV00198* en SUMAC.
[18] Véase, Entrada #111 del caso *SA2023CV00198* en SUMAC.

dejara sin efecto la orden para deponer al Lcdo. Veguilla De Jesús, dado que Clasiofertas no demostró que la información que pretende descubrir no es susceptible de ser obtenida por otros medios menos onerosos.

En cumplimiento de orden,[19] el **13 de mayo de 2025** Clasiofertas se opuso a la reconsideración presentada. Adujo que la contraparte no evidenció un perjuicio real; y no demostró que la información solicitada estuviera protegida por el privilegio abogado–cliente ni que esta podía ser obtenida por otras fuentes. Señaló que la escritura fue autorizada por el Lcdo. Veguilla De Jesús, y como notario, fue el testigo principal de su otorgamiento.[20]

Mediante *Orden* emitida el **16 de mayo de 2025**,[21] el TPI declaró *No Ha Lugar* la moción de reconsideración.[22]

Aun inconforme, el **16 de junio de 2025** la parte peticionaria recurrió ante nos en el presente recurso de *Certiorari Civil*. Nos señala la comisión del siguiente error:

> *Erró el Tribunal de Primera Instancia, Sala Superior de Salinas, al ordenar la deposición del abogado de los peticionarios sin haberse establecido justa causa para ello, conforme a lo establecido en Ades v. Zalman, 115 D.P.R. 514 (1984).* [sic].

Por su parte, Clasiofertas LLC compareció el **26 de junio de 2025**, mediante el escrito intitulado: *"MEMORANDO EN OPOSICIÓN A LA EXPEDICIÓN EN AUTO DE CERTIORARI"*. Por lo que dimos por sometido el asunto para la atención del Panel.

**-II-**

El auto de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[23] Así, se

---

[19] Véase, Entrada #112 del caso *SA2023CV00198* en SUMAC.
[20] Véase, Entrada #114 del caso *SA2023CV00198* en SUMAC.
[21] Notificada el mismo día.
[22] Véase, Entrada #115 del caso *SA2023CV00198* en SUMAC.
[23] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[24]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**.* [...].[25]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[26]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

---

[24] *García v. Asociación*, 165 DPR 311, 321 (2005).
[25] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*
[26] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[27]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[28]

**-III-**

En esencia, la parte peticionaria nos señala que el TPI erró al ordenar la deposición de su representante legal, el Lcdo. Veguilla De Jesús, sin que la parte recurrida hubiera establecido una justa causa para ello.

La *Resolución* recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad de manejar los casos de la manera que entiendan más adecuada. Además, la denegatoria recurrida no proviene de una solicitud dispositiva, ni conforma ninguna de las instancias contemplas en la citada Regla 52.1 de Procedimiento Civil.

De igual modo, no hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. En el ejercicio de la discreción que nos permite la citada Regla 40 del Reglamento del Tribunal Apelaciones, no intervendremos con la determinación recurrida.

**-IV-**

Por lo fundamentos antes expuestos, **denegamos** el auto de *certiorari* solicitado.

---

[27] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[28] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones